UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>JOHN B. BRANDAU,<br><br>   Defendant - Appellant. | No. CR 06-0131 OWW<br><br>ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>CHRISTINA ANN CARR,<br><br>   Defendant - Appellant. | No. CR 06-0175 LJO<br><br>ORDER OF DISMISSAL |

  The parties have filed a stipulation for voluntary dismissal of the appeals in these cases. The stipulation recites that "the judges of the Eastern District of

California adopted General Order No. 486," which, in turn, adopts Eastern District Local Rule 401. Local Rule 401 now governs the shackling of in-custody defendants during criminal proceedings convened in the court's Sacramento and Fresno courthouses. The stipulation further indicates that "[a]ll parties to this litigation have stipulated to the language and applicability of Local Rule 401. . . . Thus, the shackling policy objected to by Mr. Brandau and Ms. Carr is no longer ongoing . . . ." *See United States v. Brandau*, 578 F.3d 1064 (9th Cir. 2009).

Although the stipulation concludes that "the parties stipulate to a voluntary dismissal of both appeals," that language may have arisen from the court's remark at the hearing that the Ninth Circuit's language in *Brandau* was ambiguous in terms of whether, in remanding this case "to the district court for the purpose of conducting an evidentiary hearing," *id.* at 1069, the appellate court was retaining jurisdiction to decide the questions it was "unable to determine," *id.*, on the record then before it. A review of the Ninth Circuit docket discloses, however, that the mandates in both of the appeals of these cases issued on September 14, 2009. Thus, the Ninth Circuit did not retain jurisdiction over these cases; the issuance of the mandates returned jurisdiction to this court.

In that light, the court construes the stipulation as including a request that the shackling aspect of these cases now be dismissed with prejudice.

**IT IS ORDERED** that these cases, but only insofar as defendants have challenged the shackling policy of the Eastern District of California of in-custody defendants in criminal proceedings conducted at the Court's Sacramento and Fresno Courthouses, are hereby **DISMISSED with prejudice.**

Dated: December 1, 2010.

      /s/ A. Wallace Tashima
United States Circuit Judge
Sitting by designation